IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20911
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOUIS GUZMAN GAITAN,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CR-H-97-0035-6
- - - - - - - - - -

February 11, 1999

Before BARKSDALE and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:[**]

Louis Guzman Gaitan appeals his sentence imposed following a guilty-plea conviction of conspiracy to possess with intent to distribute heroin. He argues that the district court erred by increasing his base offense level two levels pursuant to U.S.S.G. § 3B1.1(c) for his role as an organizer, leader, manager, or supervisor of criminal activity.

The Government contends that Gaitan's appeal should be

_____

[*]This matter is being decided by a quorum. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissed because under the terms of his plea agreement with the Government, Gaitan waived the right to appeal his sentence unless the sentence was based on an upward departure from the sentencing guidelines. Gaitan acknowledged in his initial brief that his plea agreement contained a provision in which he waived the right to appeal, but the brief did not address the validity or effect of the waiver. Nor did Gaitan file a reply brief addressing the Government's waiver argument.

The district court determined that Gaitan understood he had the right to appeal his sentence and that he was waiving that right by entering a guilty plea under the terms of his plea agreement. Review of the record indicates that Gaitan's waiver was knowing and voluntary. The district court did not make an upward departure when it sentenced Gaitan; therefore, Gaitan has waived his right to appeal his sentence. See United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994); United States v. Melancon, 972 F.2d 566, 568 (5th Cir. 1992).

The appeal is frivolous and is DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

Douglas M. Durham, Gaitan's attorney on appeal, is ORDERED to show cause, within fifteen days from the date of this order, why sanctions should not be imposed against counsel for pursuing this appeal in light of Gaitan's waiver of his right to appeal and the failure of counsel to address the waiver in his appellate brief. Such sanctions may include not receiving any payment for services rendered and expenses incurred on this appeal.

APPEAL DISMISSED.